UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Korei J. Bull, | ) C/A No. 4:06-902-RBH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Dean Foods; | ) |
| State of South Carolina; | ) |
| City of Darlington; | ) |
| County of Darlington, | ) |
| | ) |
| Respondents. | ) |

Petitioner has filed this action pursuant to 28 U.S.C. § 2254. He titles his pleading "Writ of

Habeas Corpus Discrimination/Retaliation Title VII Civil Rights Act 1964." The pleading itself is

somewhat disjointed. Petitioner raises allegations pertaining to warrants which have been issued

against him. He also refers to a Title VII claim which is currently pending in this District. Petitioner

also complains about his conditions of confinement. Some examples of the allegations raised in his

twenty page complaint are:

***Allegations pertaining to warrants***:

1) Petitioner states that he paid vehicle taxes on a 1993 Jeep Cherokee in Darlington County. He
claims he had liability insurance, that he purchased vehicle tags, and that he had a valid drivers
license. He has attached copies of three arrest warrants to his complaint. One was for driving under
suspension, more than first offense. The second one was for use of a vehicle without permission.
The third was for assault and battery of a high and aggravated nature. Petitioner says his license was
suspended "despite it being valid".

2) Petitioner claims he called the Governor's office to report the "continuous retaliation by law
enforcement and government officials" but was told "nothing could be done."

3) Petitioner alleges that after he received his "Motion to Dismiss on February 16, 2006" he checked
into a Motel 6 to escape the "continuous wiretapping and surveillance (sic) of his home by Pee Dee

1

Electric, Inc.."

4) Petitioner alleges he went to McLeod Medical Center and was told his pulse was not normal. He claims that "due to the emotional state of mind he sign a refusal and left walking wherein he notice that he was under surveilance (sic)."

5) Petitioner states he "awoke [one morning] in an emotional state of mind screaming at his wife they got a curse on them, wherein he took his wife car...." Petitioner alleges he took his wife's car "to the Florence County Magistrate Office reporting wiretapping and surveillance (sic) devices on the vehicle..." That evening the petitioner claims he attempted to "burn his 1993 Jeep Cherokee and upon running in the woods after removing all his clothing he was placed in custody for his safety..."

6) Petitioner claims he was notified that he was charged with Use of a Vehicle Without Permission. He states he was given "another surety bond" but was not served with a warrant.

7) Petitioner alleges there was an "afternoon bond hearing". Prior to this hearing, petitioner alleges he was served with an arrest warrant for assault and battery of a high and aggravated nature.

8) Petitioner entered a plea of not guilty to the driving under suspension charge. Petitioner alleges he entered the plea even though he had not been served with the warrant. He also alleges that the officer who charged him conspired with the petitioner's aunt. According to the petitioner, his aunt "make me ...out to be crazy in need of mental health to undermine [my] credibility...."

9) The Petitioner also claims that his aunt, who was not on a visitation list, asked the petitioner to "drop his case and get a job, wherein she ask [him] to tell her everything ...at this moment [the petitioner] understood that she was wearing a wiretapp (sic) device." Petitioner alleges his sister also visited him and "constantly insisted that I need to see a doctor."

10) Petitioner further claims that a "special" court hearing was held on March 1, 2006. Petitioner claims the hearing was scheduled because 1) "[t]he warrant was out of retaliation due to the fail entrapment conspiracy ...when agent Danny Watson use wiretapping and surveillance (sic) to attain drug distribution warrants..." 2) when the entrapment conspiracy failed "...agent Danny Watson did do with Confidential informant Eric Green attempted to murder [the Petitioner] through the injection of poisonous marijuana." and 3) "the petitioner has purchased tags for vehicle and had insurance and a valid license. Petitioner claims that because of this "a founding of not guilty would have brought out the retaliation conspiracy."

11) Petitioner states the warrants are based on discrimination and retaliation and are a violation of his Due Process rights.

12) Petitioner alleges "On September 20, 2005 victim brother, Co-defendant, an allege drug dealer for County attorney Jim Cox was order to shoot victim, wherein Travis Delane did do with intent to kill came to victim house with an unknown assailant and attack victim in his yard, upon leaving

2

Travis Delane fire several shots at victim wherein bullet went into the home missing his daughter and wife."

13) Petitioner alleges he was given a surety bond for driving under suspension but was not served with a warrant. He also states that he did not appear before a judge.

### *Conditions of confinement "claims"*:

14) Plaintiff[1] states he was taken to the Darlington County Detention Center and placed in a holding cell with four (4) other inmates. Plaintiff claims "the mental agony of constant retaliation affliction led to a physical altercation with a white male inmate." Plaintiff further states that he was "physically restrained by Officer Samuel and strip of his clothing and strap to a black chair...[for] observation....for approximately three (3) to four (4) hours."

15) Plaintiff claims he was not allowed visitation with his wife despite the policy at the Detention Center that he was entitled to one thirty minute visit per day.

16) Plaintiff claims that the phones in A-Pod were wiretapped so a conversation between the plaintiff and his grandmother could be recorded.

17) Plaintiff also complains that he asks for medical care but does not receive it.

18) He also alleges he was beaten on March 9, 2006 when he entered "A-Pod". The facts surrounding this alleged beating are not clear from the complaint.

### *Title VII "claims"*:

19) Plaintiff claims he contacted SHAC about "Pet Dairy" response "to report the retaliation".

20) Plaintiff states that SHAC, with the help of the Governor's office, ordered Bell South to "end the wiretapping and surveilance (sic) of victim home telephone...". Plaintiff states that Bell South continued his service despite his non-payment of the bill - for three months.

21) Plaintiff alleges SHAC forwarded to "the victim" [presumably the plaintiff], a letter of mediation.

22) He claims he has been discriminated against because of his national origin (the Ashauti Tribe of Western Africa).

       In his prayer for relief, the petitioner/plaintiff seeks the granting of his writ and an injunctive

---

[1] For petitioner's conditions of confinement claims and his Title VII claims he will be referred to as "plaintiff".

order against the respondents halting the "illegal retaliation".  He also asks that the State Human

Affairs Commission investigation continue and the criminal charges be dismissed.  He seeks

damages.

### *DISCUSSION*

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted

in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118

L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines

v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951,

(1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th

Cir. 1979).  This court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are

held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147,

1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is

charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a

potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S.

319 (1972).  When a federal court is evaluating a *pro se* petition the plaintiff's allegations are

assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even

under this less stringent standard, the petition submitted in the above-captioned case is subject to

summary dismissal.  The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court.  Weller v. Department of Social Services, 901 F.2d 387,  (4th Cir. 1990).

Since the petitioner is a pre-trial detainee, his exclusive federal remedy is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *after* he fully exhausts his state remedies. Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary under § 2241 also. *See*, *e.g.*, Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). *Cf.* Hamlin v. Warren, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981), *cert. denied*, 455 U.S. 911 (1982).

If the petitioner is convicted in his pending criminal case, he has the remedy of filing a direct appeal. If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).

It is well settled that a direct appeal is a viable state court remedy. Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 & n. 1 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). Therefore, petitioner's claims pertaining to his arrest, and detention should be summarily dismissed.

5

Plaintiff also raises claims pertaining to his conditions of confinement. These types of issues are typically raised in a complaint filed pursuant to 42 U.S.C. § 1983, not a petition for writ of habeas corpus. The plaintiff names the State of South Carolina, the City of Darlington, the County of Darlington and Dean Foods as defendants. Since a prisoner's custodian is the proper respondent in a habeas corpus action, *See* Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004), it is presumed the plaintiff has named these defendants for purposes of pursuing his Section 1983 and Title VII claims.

A review of the Court's records reveals that plaintiff currently has a pending case against Dean Foods regarding his Title VII claims. *See* Bull v. Dean Foods, *et. al.*, C/A No. 4:06-267-RBH-TER. Since this is the case it is not necessary to re-examine those claims again here, and plaintiff's Title VII claims, against Dean Foods, in this case, should be dismissed without prejudice. *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files
> and records and it had no duty to grind the same corn a second time.
> Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296. *See also* United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992).

As for plaintiff's claims as they pertain to his conditions of confinement, the State of South Carolina would be entitled to summary dismissal because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted against
> one of the United States by Citizens of another State, or by Citizens

6

or Subjects of any Foreign State.

*See* Alden v. Maine, 527 U.S. 706, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999); *See also* Federal Maritime Commission v. South Carolina State Ports Authority, *et. al.*, 122 S. Ct 1864, 2002 WL 1050457 (U.S. May 28, 2002) (state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(Law. Co-op. 2004), which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

In addition, defendants City of Darlington, County of Darlington and Dean Foods do not appear to have been personally involved in the events that gave rise to this case. As such, liability under § 1983 may not be imposed upon them. *See* Wilson v. Cooper, 922 F. Supp. 1286, 1293 (N.D.Ill. 1996); and Campo v. Keane, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996).

Finally, it should be noted that, to the extent the plaintiff is seeking to have this court intervene in any pending criminal proceeding, Insofar as the plaintiff's pre-trial detention and pre-trial proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so

7

> invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks
> damages in a § 1983 suit, the district court must consider whether a judgment in
> favor of the plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.

*See also* Schafer v. Moore, 46 F.3d 43 (8th Cir., January 27, 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545, (2nd Cir. 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995).  *See also* Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996).  *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees.  *See* Nelson v. Murphy, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994); and Daniel v. Ruph, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994).

In Daniel v. Ruph, supra, a district court applied the holding in Heck v. Humphrey to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth
> Amendment right to put on a meaningful defense.  A judgment in favor of the
> plaintiff on that claim would imply the invalidity of his ongoing criminal
> proceedings.  If plaintiff were successful in showing that he had been denied his
> constitutional right to prepare his defense, any conviction which flowed from that
> denial would be invalidated.  Therefore, the instant allegations fail to state a
> cognizable claim under § 1983 and are DISMISSED without prejudice.  * * *

Daniel v. Ruph, supra, 1994 WESTLAW® 589352 (footnote following quotation omitted).  In an

earlier case, <u>Norris v. Patsy</u>, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994), the court noted that, under <u>Heck v. Humphrey</u>, <u>supra</u>, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."

Also on point is <u>Hudson v. Chicago Police Department</u>, 860 F. Supp. 521 (N.D.Ill. 1994), where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was subject to dismissal under <u>Heck v. Humphrey</u>.  Judge Aspen, however, noted that the plaintiff could bring § 1983 action at a later date if a cause of action had accrued.  Judge Aspen also held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." *Accord* <u>Babcock v. Collord</u>, <u>supra</u>, 1994 WESTLAW® 374528 (complaints subject to dismissal under <u>Heck v. Humphrey</u> can be dismissed under 28 U.S.C. § 1915(d)).

<u>Heck v. Humphrey</u> is controlling in the above-captioned case because the events at issue in this case took place after <u>Heck v. Humphrey</u> was decided.  In any event, <u>Heck v. Humphrey</u> would apply retroactively.  *See* <u>Hooper v. Anderson</u>, 50 F.3d 14 (9th Cir., January 10, 1995)(opinion on rehearing by panel; <u>Heck v. Humphrey</u> applies retroactively), *replacing* unpublished opinion reported in <u>Hooper v. Anderson</u>, 37 F.3d 1505 (9th Cir., October 6, 1994); and <u>Smith v. Holtz</u>, <u>supra</u> (plaintiff's Rule 60(b) motion granted because of decision in <u>Heck v. Humphrey</u>).

Absent extraordinary circumstances, federal district courts are not authorized to interfere with a State's pending criminal proceedings.  *See, e.g.*, <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971); <u>Taylor</u>

v. Taintor, 83 U.S. 366, 370 & n. 8 (1873);[2] Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Baker v. Marshall, 1995 WL 150451(N.D.Cal., March 31,

---

[2]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

***The petitioner's attention is directed to the important notice on the next page.***

s/Thomas E. Rogers, III
Thomas E. Rogers
United States Magistrate Judge

Florence, South Carolina
June 19, 2006

11

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter,** a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied,* 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
